IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DONNIVER TERRELL JOHNSON**                                                                 **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 2:09-cv-168-MTP**

**RON KING, et al.**                                                                                **DEFENDANTS**

**ORDER**

THIS MATTER is before the court on a Motion for Summary Judgment [42] filed by Defendants Ron Woodall and Charmaine McCleave, a Motion to Dismiss [48] filed by Defendants Ron King, Christopher Epps and Hubert Davis, and a Motion for Injunction [54] filed by Plaintiff.

The court previously entered a Report and Recommendation [57] in which the court recommended that the Motion to Dismiss and Motion for Summary Judgment be granted and that Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies. However, as the parties have consented to disposition by the Magistrate Judge and the District Judge has entered an Order of Reference [36], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 73 and L.U. Civ. R. 73.  Accordingly, for the reasons set forth in the Report and Recommendation [57], the court finds that the Motion for Summary Judgment [42] and Motion to Dismiss [48] should be granted and that Plaintiff's claims should be dismissed without prejudice for failure to exhaust administrative remedies.[1]

---

[1] In making this ruling, the court has also considered the Objection [59] to the Report and Recommendation filed by Plaintiff.  Nothing in the Objection alters this court's conclusion that Defendants are entitled to summary judgment.  Plaintiff attaches new documents reflecting that he has filed additional ARP's regarding his claims in the instant lawsuit.  *See* Exhs. A-D to Objection.  However, the documents do not reflect that Plaintiff has pursued these ARP's through the third and final step of the ARP process and, therefore, he has failed to exhaust his administrative remedies.

In his Motion for Injunction [54], Plaintiff seeks an order from the court directing Defendants to provide him with "adequate and prompt health care to his serious medical needs."[2] A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff has failed to make this showing. In his two-page motion, Plaintiff provides no basis to support his request, simply specifying the injunctive relief he is seeking. Moreover, Plaintiff cannot demonstrate a likelihood of success on the merits of his claim for denial of medical treatment, as the court has already found that he has failed to exhaust his administrative remedies and that the case should be dismissed on that basis. Nor has Plaintiff established that failure to grant the injunction will result in irreparable injury. Accordingly, the court finds that Plaintiff's request for injunctive relief should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion for Injunction [54] is denied, that Defendant Ron Woodall and Charmaine McCleave's Motion for Summary Judgment [42] is granted, that Defendant Ron King, Christopher Epps and Hubert

---

[2] Plaintiff alleges that he has Crohn's Disease and that he has been denied adequate treatment for his condition while he has been incarcerated at SMCI. *See* Omnibus Order [37].

Davis' Motion to Dismiss [48] is granted, and that Plaintiff's claims are dismissed without prejudice for failure to exhaust administrative remedies.  A separate judgment shall be entered in accordance with Fed. R. Civ. P. 58.

IT IS FURTHER ORDERED that all other pending motions are dismissed as moot.

SO ORDERED on this 8th day of November, 2010.

s/ Michael T. Parker<br>
United States Magistrate Judge